IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS POLACO,

      Plaintiff,

vs.                                                          No. CIV 03-0251 LCS/KBM

**LINCOLN COUNTY SHERIFF; JOHN DOE**
**SHERIFF DEPUTIES 1-5; RUIDOSO CITY**
**POLICE DEPARTMENT; LANNY MADDOX,**
Chief of Police, Ruidoso Police Department; **JOHN**
**DOE POLICE OFFICERS 1-5; LEON EGGLESTON,**
Mayor of Ruidoso; and **TOWN OF RUIDOSO,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Lincoln County Sheriff's Motion to Dismiss (Doc. 12), filed April 2, 2003.[1] The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

Plaintiff alleges that he became involved in a dispute with another contractor concerning construction work in the Spring of 2001. (Compl. ¶ 6.) Plaintiff alleges that the other contractor caused criminal charges to be filed against Plaintiff, and that the criminal charges caused Plaintiff to be arrested and detained without probable cause or warrant in violation of his civil rights. (*Id*.) Plaintiff alleges that the criminal case should never have been filed and that it was ultimately dismissed. (*Id*.) Plaintiff alleges claims for damages under 42 U.S.C. §1983 for deprivation of his

---

[1] The reasoning contained in this Memorandum Opinion and Order applies equally to the claims against the five unidentified Lincoln County Sheriff Deputies.

rights under the Fourteenth Amendment (Count I) and the Fourth Amendment (Count V), as well as state law claims for false arrest (Count II), false imprisonment (Count III), failure to train and supervise (Count IV), and arrest without a warrant (Count VI).

On April 2, 2003, Defendant Lincoln County Sheriff filed a Motion to Dismiss, asserting that the Complaint fails to state a claim and that the Lincoln County Sheriff is entitled to qualified immunity.  Plaintiff has failed to file a response to this Motion.

The Local Rules of the United States District Court for the District of New Mexico provide that a response is due fourteen calendar days after service of a motion.  *See* D.N.M.LR-Civ. 7.6 (a). Because Defendant's Motion was served on April 2, 2003, Plaintiff's response was due on April 16, 2003.  To date, Plaintiff has failed to file a response.

The Local Rules also provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion.  *See* D.N.M.LR-Civ. 7.5 (b).  Plaintiff failed to file a response to Defendant Lincoln County Sheriff's Motion to Dismiss.  Pursuant to Local Rule 7.5 (b), Plaintiff consented to granting of this Motion by failing to file a response in opposition. Accordingly, Defendant Lincoln County Sheriff's Motion to Dismiss should be granted pursuant to Local Rule 7.5(b).

In the alternative, the Motion to Dismiss should be granted for failure to state a claim.  A motion to dismiss for failure to state a claim motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); FED.R.CIV.P. 12(b)(6).  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *Sutton v.*

*Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).

In this case, the Complaint alleges no factual basis for Plaintiff's claims against Defendant Lincoln County Sheriff or the five unidentified Lincoln County Sheriff Deputies. Plaintiff alleges that he was falsely arrested, but he does not state by whom he was arrested. (Compl. ¶ 6.) The Complaint alleges no facts that could serve as the basis for a claim against Defendant Lincoln County Sheriff or the unidentified deputies. Accepting all the well-pleaded factual allegations of the Complaint as true and viewing them in the light most favorable to Plaintiff, the Complaint is legally insufficient to state a claim upon which relief may be granted against Defendant Lincoln County Sheriff or the five unidentified Lincoln County Sheriff Deputies. The Motion to Dismiss should be granted for failure to state a claim.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Lincoln County Sheriff's Motion to Dismiss (Doc. 12), filed April 2, 2003, is **GRANTED IN PART.** Plaintiff's Complaint as to Defendant Lincoln County Sheriff and the five unidentified Lincoln County Sheriff Deputies is **DISMISSED WITHOUT PREJUDICE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**

3